940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert REDDICK, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 91-3033.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 Robert Reddick, an Ohio resident who is represented by counsel, appeals the district court's denial of his application to proceed in forma pauperis with his Title VII employment discrimination suit. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Counsel for the appellant has filed a motion to waive oral argument. Counsel for the appellee concedes that the case should be remanded for further consideration.
 
 
 3
 Reddick, a black man, was terminated from his job with the U.S. Postal Service on the grounds that he falsified medical documentation, failed to maintain a regular work schedule, and was absent without leave. Thereafter, Reddick filed a complaint with the EEOC alleging that the Postal Service had discriminated against him on the basis of race and sex. The EEOC issued its final agency decision by letter dated August 28, 1990. That decision advised Reddick of his right to file a civil action in the district court within thirty days of receipt of the final agency decision.
 
 
 4
 On October 4, 1990, Reddick filed with the district court a pro se application to proceed in forma pauperis and for the appointment of counsel. The district court sua sponte denied the application, finding that the application had not been filed within the thirty day time period set forth in 42 U.S.C. Sec. 2000e-16. Reddick then filed a timely motion to reconsider alleging that his application was timely filed because although his right to sue letter was dated August 28, 1990, he did not actually receive the letter until September 8, 1990. Reddick substantiated this claim by attaching the envelope the letter was sent in, which was postmarked September 5, 1990. The district court denied the motion to reconsider in a marginal order.
 
 
 5
 On appeal, Reddick is represented by counsel, and he reasserts his claim that the application was timely filed. Defendant has filed a motion to file an informal statement of his position that Reddick is entitled to a remand.
 
 
 6
 Upon review, we vacate the district court's judgment and remand the case for further proceedings because Reddick's application was filed within thirty days after receipt of his right to sue letter. The application was filed with the district court on October 4, 1990. Reddick alleged that he did not receive his right to sue letter until September 8, 1990. He substantiated that allegation by submitting uncontroverted evidence that the right to sue letter was not mailed until September 5, 1990. The defendant does not dispute these dates, and in fact agrees that the case should be remanded because Reddick's application was filed within the thirty day time period mandated by 42 U.S.C. Sec. 2000e-16(c).
 
 
 7
 Accordingly, the defendant's motion is accepted as his brief, Reddick's motion to waive oral argument is granted, and the district court's judgment is hereby vacated and the case remanded pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation